RODNEY G. HART ET AL. v. THE CIRCUIT JUDGE FOR SHIA-
WASSEE COUNTY.

*Mandamus to revive commission on claims—Appeal by executors—Final
orders.*

1. Where a creditor against a decedent's estate has failed to present his claim to the commissioners thereon while in commission, he is entitled at any time before the estate is closed to have it heard by the probate judge or to have the commission revived, the only discretion in the probate court being to determine whether the court or the commission will hear it, and within what time, inside of three months, it must be heard. And mandamus lies to enforce the right to a hearing.

2. The executors of an estate are sufficiently aggrieved by the probate court's refusal to entertain a claim belonging to the estate which they represent, to be entitled to appeal from such a decision.

3. The merits of a claim against an estate are not open upon an application to the probate court for the revivor of a commission to hear it; nor are they upon an application for mandamus to compel such revivor.

4. A probate order refusing to revive a commission on claims is final and appealable.

Mandamus.    Submitted April 21.    Granted May 6.

*Geer & Williams* for relator.

SHERWOOD, J.    Amos Gould, late of the county of Shiawassee, died testate on the 14th day of May, 1882. Commissioners were duly appointed to examine and allow claims against the estate on the 9th day of June following. The commissioners made their final report on the 20th day of January, 1883. The petitioner was one of the heirs at law of Alvin N. Hart, deceased, who died some time previous to the decease of Amos Gould, and who at the time of his death had large quantities of lands and timber in the county of Bay, which came to relators by inheritance from the estate of A. N. Hart. After the death of A. N. Hart, relators executed to Amos Gould a power of attorney to sell the lands of relators, several parcels of which Gould did sell, and

contracted to convey others, receiving the moneys therefor, and also sold some timber from other lands, for which he received the pay. The relators trusted to Gould to keep an account of the business done for them, and when he died the only evidence they had of his transactions was what appeared upon his books, and what therein appeared was settled or rather arranged and agreed upon with Gould's executors, and the balance due relators, so ascertained, was allowed by the commissioners, and against the estate of Gould.

On receiving a statement of the amounts of lands and different parcels remaining unsold under the power of attorney given to Gould by relators, they made investigation which led to the discovery of the facts that on the 26th of January, 1881, Gould sold eighty acres of land for $320, and received the money therefor, which land the executors reported to the relators as unsold, at the time of the settlement. The relators also discovered on making further investigation, after obtaining an abstract of the several parcels reported to them as unsold, that on the 18th day of April, 1881, Gould had sold $700 worth of timber from the lands, and received the money therefor, which was not included in the sum allowed by the commissioners, nor included in the settlement, nor known to petitioner at the time the same was made.

Soon after ascertaining the facts in relation to the sale of the timber, the relators called upon the executors of Amos Gould, and requested payment of both amounts they had thus failed to account for; and payment thereof was by them refused. The executors were the son, son-in-law, and widow of said Gould. The relators, not being able to obtain pay for the land and timber of Gould's executors or heirs, which had been therein received by Gould in his life-time, and not been disclosed, paid, or accounted for, on the 11th day of September, 1884, applied to the judge of probate of Shiawassee county, where the estate of said Amos Gould was still in progress of settlement, and asked to have the commission on claims revived, to enable them to present their

claim for the moneys thus received by Gould, and remaining due to them, allowed ; filing their·petition setting forth the facts above stated. The petition was contested by the executors, who did not deny that the claims of relators existed at the time of the death of Amos Gould, but claimed that it must be regarded as included in the settlement and amount allowed by the commissioners, and paid by the estate and receipted for by the relators.

On the hearing of relators' petition, an order was made by the judge of probate denying the relief prayed. From this order the relators appealed to the circuit court. On the eighteenth day of November, thereafter, counsel for the executors entered a motion to dismiss the appeal on the ground that the order appealed from was one resting entirely within the discretion of the probate court, and for that reason not appealable, and the circuit court acquired no jurisdiction to hear it. The circuit judge being of this opinion, granted the motion, and dismissed the appeal. The relators now ask that a mandamus may issue from this Court requiring the circuit judge to vacate his order in the premises, and re-instate the appeal.

The claim presented by relators is for the two items above mentioned, and the interest thereon. When the petitioners filed their application to have the claim allowed, the two years allowed by the statute to present claims, if any, extended by the judge of probate, had expired, but the estate had not yet been closed. The application of relators was made under How. Stat. § 5894, which reads as follows :

" On the application of a creditor who has failed to present his claim, if made at any time before the estate is closed, the judge of probate may revive the commission, and allow further time, not exceeding three months, for the commissioners to examine such claim ; in which case the commissioners shall cause personally to be notified the parties of the time and place of hearing, and as soon as may be, make return of their doings to the probate court : provided, that all costs and charges resulting from such application and the proceedings thereon, had in the probate court, shall be paid by the party making the application."

The only question involved for the determination of this Court is : Was the order made by the probate judge denying the petition and refusing to revive the commission appealable under How. Stat. § 6779, which reads as follows :

" In all cases not otherwise provided for, any person aggrieved by any order, sentence, decree or denial of a judge of probate, may appeal therefrom to the circuit court for the same county, by filing a notice thereof with the judge of probate within sixty days from the date of the act appealed from, with his reasons for such appeal, together with such bond as is required in the next section."

That the terms of the statute are sufficiently broad to cover the case is unquestionable. No question is made but that the appeal was taken in due time, and the proper bond filed and approved by the probate court. The relators were proper parties to take the appeal. They are injured to the extent of $1275, and are therefore aggrieved by the order or decree of the probate judge.

This Court has held that under § 5893 the power of the probate court to extend the time within the period limited for presentation of claims is within its discretion, and it cannot be compelled to make such extension by mandamus. The section reads as follows :

" The probate court may extend the time allowed to creditors to present their claims, as the circumstances of the case may require; but not so that the whole time shall exceed two years from the time of appointing such commissioners." *People v. Judge of Probate of Monroe County* 16 Mich. 204.

It is claimed by counsel for the executors that the power given to the judge of probate under both sections (5893 and 5894) to act, is discretionary with the court; but this is a mistake ; under the latter section, when a creditor has failed to present his claim within the time limited by § 5893, and the estate has not been closed, the law fixes the time within which he may present it. That time continues until the estate is closed. The judge is also authorized to revive the commission for hearing the claim, or he may hear it himself (How. Stat. § 5895) ; but he must do one or the other.

The only thing left discretionary with him after he has decided whether he will revive the commission or hear the claim himself is to limit the time within a period of three months, within which the claim shall be heard. The right of the creditor who has failed to present his claim in such case, and have it heard before a revived commission or before the judge of probate, any time before the estate is closed, is given by the statute, and the probate court has no discretionary power to deprive him of it.

Under How. Stat. § 5893, the extension of the time for the creditor to present his claim is discretionary with the probate court. It was a right, and not a favor, which the relators asked of the judge of probate, and on appeal to the circuit court the action taken therein operated as a complete denial of all remedy to recover what upon the face of the proceeding appears to be a just and equitable claim, and which I think clearly entitles the relators to the writ prayed for.

The merits of the petitioners' claim could not be considered on their application for a revival of the commission, or to have the judge of probate hear it, any more than they can be considered on this hearing. It is for the very purpose of having the merits considered that such application is always made, and when the judge of probate refused to grant the order in this case it was, in effect, a complete and final denial of the petitioners' right to recover their claim. Even if we were to concede the right to the order discretionary with the court, still, when such is the effect of the exercise of the discretion, an appeal from the order must be always held proper.

Proceedings in probate court are mostly equitable in their character, and such an order in its effect is neither ancillary nor interlocutory, but final and conclusive until reversed or set aside. I think that there is no doubt but that the circuit court obtained jurisdiction of the case by the appeal, and he should have heard it, and directed the judge of probate to allow the prayer of the petitioners. His order dismissing the appeal must be set aside, the appeal re-instated, and he must still give such direction to the probate court, allowing rela-

tors sixty days within which their claim may be heard before the probate court or commissioner, and a mandamus must be issued accordingly.    No costs will be given.

COOLEY, C. J. and CHAMPLIN, J. concurred.    CAMPBELL, J. concurred in the result.