ANDREW W. COMSTOCK AND JOSEPH B. COMSTOCK V.
SAMUEL W. VANCE, CIRCUIT JUDGE OF
ST. CLAIR COUNTY.

*Estates of deceased persons—Allowance of claim—Appeal by heir
—Dismissal of appeal—Rights of co-heirs.*

1. Heirs who do not join with a co-heir in an appeal from the allowance of a claim against the estate are not parties to the appeal, in such a sense as that it cannot be dismissed or discontinued without their consent.

2. Where one of five heirs appeals from the allowance of a claim against the estate in favor of a co-heir, who is also administrator, and, after the expiration of the time when the other heirs could by leave of the circuit court appeal, the appellant sells her interest in the estate to the claimant, and he procures a substitution of attorneys, and the attorney so substituted stipulates with his attorney for the entry of a judgment affirming the allowance of the claim in the probate court and dismissing the appeal, *mandamus* will not lie to compel the circuit judge to set aside said judgment, and permit the other heirs to appear and prosecute the appeal.

*Mandamus.* Argued January 17, 1893. Denied March 10, 1893.

Relators applied for *mandamus* to compel the respondent to set aside an order dismissing an appeal from probate court, and to permit them to appear and prosecute the appeal. The facts are stated in the opinion.

*P. H. Phillips,* for relators.

*Cyrus A. Hovey,* for respondent.

PER CURIAM. Harriet J. Comstock, deceased, left an estate valued at $20,000. William B., Alfred M., Andrew W., and Joseph B. Comstock, and Helen E. Coombs, were her children and heirs at law. William B. was appointed

administrator of her estate, and while acting in that capacity he presented a claim against the estate of about $6,000, which was allowed by the probate court. Helen E. Coombs alone appealed from such allowance to the circuit court for St. Clair county. The appeal was pending in the circuit court, and undisposed of, until after the time when the other heirs could, by leave of the circuit court, appeal. William B. Comstock then purchased of Helen E. Coombs her interest in the estate, procured a substitution of attorneys, and the attorney so substituted, by stipulation with the attorney of William B., consented to a judgment affirming the allowance of the claim in the probate court, and dismissing the appeal, which judgment was entered. Relators subsequently filed a petition in the circuit court asking that this judgment be set aside, and they be permitted to appear, and prosecute the appeal entered by Helen E. Coombs; the application reciting that, after the allowance of the claim in the probate court, Helen E. Coombs, "after consulting with the relators, entered the appeal in question." The circuit judge denied the application, and the relators ask for *mandamus* to compel the entry of the order in accordance with the prayer of the petition.

The question presented is whether an heir not joining in an appeal from a proceeding in the probate court becomes a party to such appeal, in such a sense as that it cannot be discontinued or dismissed without his consent. It is not necessary to determine whether he might intervene and become a party to the record, as no such effort was made in this case; but the single question is whether, by the mere fact of an appeal by a co-heir, he is made a party to the record.

The statute (section 5916) provides that,—

"When an executor or administrator declines to appeal

from the decision of the commissioners, any person interested in the estate, as creditor, devisee, legatee, or heir, * * * * may appeal from such decision, in the same manner as the executor or administrator might have done, and the same proceedings shall be had in the name of the executor or administrator: *Provided,* that the person appealing in such case shall, before the appeal shall be allowed, give a bond, to be approved by the judge of probate, as well to secure the estate from damages and costs, as to secure the intervening damages and costs to the adverse party."

It will be observed that the party taking the appeal incurs an obligation to save the estate harmless, which might inure to the benefit of the heir standing aloof, and refusing to join in the appeal. It was said in *King v. Gridley,* 69 Mich. at page 89:

"Where the administrator declines to appeal from the decision of commissioners allowing a claim, and does not appeal, the statute contemplates and authorizes those whom it permits in such case to appeal, on giving the required bond, to defend the proceedings in the circuit court in the name of the administrator, and that they should have the management and control of the defense."

The precise question here involved has never been passed upon by this Court.

In *Kent v. Dunham,* 14 Gray, 279, an heir at law, who had notice of an appeal taken by another heir at law from the probate of a will, and had taken no steps towards prosecuting that appeal, did not intervene until the appeal was dismissed, upon a compromise between the heir and the executor of the will, and then asked leave to make a new appeal, under the Massachusetts statute, corresponding to section 6784, How. Stat. In passing upon the application the court say:

"This petitioner is not without default. She knew, in July, 1857, that her uncle, another heir at law of the testator, had appealed from the decree of the judge of pro-

bate, and that the appeal was pending in this court. If she did not choose to rely on his appeal, and the result of it, she might, as soon as she had notice of it, have petitioned to become a party to it, or to enter an appeal in her own behalf. If such petition had been granted, she might have prosecuted the appeal to a final result, although her uncle had withdrawn his own appeal. But it is manifest that she relied entirely on his management of the appeal; for it does not appear that she ever expressed any wish to him, or made any communication to him, respecting the prosecution thereof. She must therefore abide by his disposition of the case, and by the affirmance of the decree appealed from by him."

So in this case the petitioners assumed none of the burden of prosecuting the appeal taken by Mrs. Coombs, and under such circumstances she had, as we hold, complete control over the proceedings.

See, also, *Jackson v. Hosmer,* 14 Mich. 88.

The writ will be denied, with costs.