WILLIAM L. JENKS, ADMINISTRATOR OF THE ESTATE OF
    HARRIET J. COMSTOCK, DECEASED, v. JOHN L.
        BLACK, JUDGE OF PROBATE OF ST.
            CLAIR COUNTY.

[See 95 Mich. 48.]

*Estates of deceased persons—Allowance of claims—Appeal—
                    Estoppel.*

1. An appeal from an order for the hearing of claims generally,
   made after the appointment of a special and before the appoint-
   ment of a general administrator, is the appropriate remedy by
   which to test the validity of such order, and of the allowance
   of claims thereunder.

2. Where heirs are estopped from questioning the validity of an
   order of the probate court, and of the proceedings had there-
   under, the administrator is also estopped in a proceeding in
   which he represents only their interests.

3. The position taken by the relators in *Comstock v. Circuit Judge,*
   95 Mich. 48, is held to have been so inconsistent with the
   application in this case as to work an estoppel against their
   right to contest the action brought in question in this proceed-
   ing.

*Mandamus.*    Argued April 25, 1893.    Denied June 16,
1893.

Relator applied for *mandamus* to compel respondent to
appoint commissioners on claims in the matter of the estate
of Harriet J. Comstock, deceased. The facts are stated in
the opinion.

*P. H. Phillips,* for relator.

*Cyrus A. Hovey,* for respondent .

MONTGOMERY, J.    Relator asks for a writ of *mandamus*
to compel the respondent to proceed to appoint com-

missioners on claims in the estate of Harriet J. Comstock, deceased.

It appears that an order for the hearing of claims before the judge of probate was made on the 29th of August, 1890, and that, proceeding under such order, the creditors filed claims against said estate; that a hearing was had, and various claims allowed. This was after the appointment of a special administrator, and before the general administrator was appointed. The relator was subsequently appointed general administrator of the estate, and made application to have commissioners appointed to hear claims against the estate, which was denied.

The relator contends that the judge had no power to make the order which has been proceeded under until a general administrator was appointed, and that such order was void. It may perhaps be doubted whether the statute (How. Stat. § 5853) is broad enough to authorize the proceedings taken in this case; but, if it be conceded that the application was not sufficient to justify the court in proceeding to the allowance of all the claims which were considered, it is very evident that the more appropriate remedy to test the validity of the action would have been by appeal.

But a more conclusive answer to the present application, we think, is that it appears that all parties to these proceedings have waived any objection to the proceedings, and are estopped now from invoking the remedy sought. It is very evident that the present proceeding is directed against the action of the probate court in allowing the claim of William B. Comstock. After the allowance of this claim, one of the three other heirs interested appealed to the circuit court from the order, and afterwards, having parted with her interest in the estate, dismissed her appeal. Subsequently the two remaining heirs sought to reinstate the appeal, and in that proceeding set out "that such

claim of appeal from the probate court was taken by the appellant, Helen E. Coombs, after consulting the relators," who were the other heirs interested. See *Comstock v. Circuit Judge*, 95 Mich. 48. The position taken in that proceeding by the parties in interest was so inconsistent with the present application as to work an estoppel against their right to contest the action here brought in question. We think it very clear that, if they were the parties directly asking the aid of the Court, they would be concluded by the judgment in that case. As the administrator represents only their interests in this proceeding, he should also be estopped. Wells, Res. Adj. § 54.

The writ should be denied, with costs payable out of the estate.

The other Justices concurred.