## HEAVENRICH v. NICHOLS' ESTATE.

1. ESTATES OF DECEDENTS — CLAIMS — REVIVAL OF COMMISSION — NOTICE.

    The revival of the commission for the examination of claims against a decedent's estate, under 2 How. Stat. § 5894, at any time before the estate is closed, upon the payment of costs by the creditor making the application, is a matter not of discretion, but of right, and hence the probate court may enter the order without giving notice of the application to the administrator, heirs, or creditors.

2. SAME—ADMINISTRATORS—ESTOPPEL.

    An administrator who appears before the commissioners at the hearing upon a claim for the examination of which the commission has been revived is not in a position, upon the creditor's appeal from an order of disallowance, to raise the objection that no notice of the hearing was served upon him, or upon the heirs or other creditors of the estate.

3. SAME—DELAYED MEETING.

    The fact that the meeting of the commissioners was delayed, without the fault of the creditor, two days beyond the time provided in the order reviving the commission, will not defeat the claim.

Error to Shiawassee; Smith, J. Submitted June 11, 1897. Decided June 28, 1897.

Samuel Heavenrich and another, copartners, presented a claim against the estate of Amos W. Nichols, deceased.

The claim was disallowed by the commissioners, and claimants appealed to the circuit court. From a judgment for claimants on verdict directed by the court, the administrator brings error. Affirmed.

Mr. Nichols died January 11, 1890, intestate. An administrator was duly appointed. March 3, 1890, commissioners were appointed to hear claims. September 9, 1890, the commissioners filed their report. August 29, 1895, claimants presented a petition to the judge of probate asking for a revival of the commission. September 4, 1895, the probate court made an order reviving the commission to hear plaintiffs' claim; granting two months for the commission to receive, examine, and adjust the claim. The claim was duly filed within the time. The commissioners met November 6th and disallowed the claim. In their report the commissioners stated that they had notified all parties interested of the time and place fixed by them for hearing the claim. From this decision plaintiffs appealed to the circuit court, and upon the trial the court directed a verdict for them for $1,207.78.

*Selden S. Miner*, for appellant.

*John T. McCurdy* and *Sloman & Groesbeck*, for appellees.

GRANT, J. (*after stating the facts*). 1. It is contended that the probate court obtained no jurisdiction to make the order reviving the commission, ,because no notice was served upon the administrator, heirs, or creditors. The revival of the commission at any time before the estate is closed is a matter of right, and not of discretion. Therefore no notice was necessary. 2 How. Stat. § 5894; *Hart* v. *Shiawassee Circuit Judge*, 56 Mich. 592.

2. It is also urged as a fatal objection that no notice was served upon the heirs or creditors of the estate. The record does not show upon whom the commissioners

served notice of the hearing before them. The circuit judge, in instructing the jury, stated that the administrator appeared before the commissioners, and "simply filed an objection to the jurisdiction in a general way." It is fair to presume that notice was served upon the administrator by the commissioners. He was a witness, and did not deny service. Whether or not this be so, he appeared, and was not, therefore, prejudiced by want of notice. He made no motion to dismiss the appeal for want of jurisdiction, but proceeded with the trial upon the merits. If the administrator represented the heirs and creditors in this proceeding, notice to him is notice to them. If he does not represent them, then it is sufficient to say that they are not here raising any objection. We think the administrator is estopped to now raise this question under the following decisions: *Jenks* v. *St. Clair Probate Judge*, 96 Mich. 122; *Bacon* v. *Kent Probate Judge*, 100 Mich. 183.

3. The fact that the commissioners met two days after the two months provided in the order did not operate to defeat the claim. Claimants were in no wise responsible for this action, and claims against an estate cannot be defeated by the failure of the commissioners to take final action and to make their report within the time fixed by the order.

The judgment is affirmed.

LONG, C. J., MONTGOMERY and MOORE, JJ., concurred. HOOKER, J., did not sit.