## BRESLER *v.* WAYNE PROBATE JUDGE.

1. EXECUTORS AND ADMINISTRATORS—CLAIMS AGAINST ESTATES—COMMISSION ON CLAIMS—REVIVAL—ORDER—APPEALABILITY.

An order of the judge of probate reviving a commission on claims for the purpose of considering the claim of a creditor who has once before secured such an order for the consideration of a different claim is not appealable.

2. SAME—REVIVED COMMISSION—STATUTORY PROVISIONS.

It is the policy of the statute (section 9373, 3 Comp. Laws) to permit a creditor of an estate to present to a revived commission on claims any claim not theretofore presented, so long as the estate remains open.

Certiorari to Wayne; Rohnert, J. Submitted February 25, 1908. (Calendar No. 22,665.) Decided March 31, 1908.

Mandamus by Eva C. Bresler and William E. Metzger, administrators, with the will annexed, of the estate of Joseph M. Bresler, deceased, to compel Edgar O. Durfee, probate judge of Wayne county, to approve a bond on an appeal from an order reviving a commission on claims. There was an order denying the writ, and relators bring certiorari. Affirmed.

*Beaumont, Smith & Harris*, for relators.

*Dickinson, Stevenson, Cullen, Warren & Butzel*, for respondent.

BLAIR, J. On May 21, 1907, the respondent made an order reviving, for the second time and for the same claimant, the commission on claims in the Joseph M. Bresler estate. This was nearly seven years after letters of administration were issued to relators, but the estate has not been closed. Relators duly filed their notice of appeal from this order, together with a sufficient bond on

appeal. The respondent, admitting the bond to be sufficient, refused to approve it upon the sole ground that the order made was not appealable.

Relators petitioned the Wayne circuit court for a mandamus to require the respondent to approve the bond. The mandamus was denied November 25, 1907. Thereupon, relators applied to this court, under Supreme Court Rule 12, for certiorari to review the proceedings below. Writ was granted January 6, 1908. Return was made January 18, 1908. The hearing is upon this return.

The sole question for our consideration is, whether an order of the judge of probate reviving the commission on claims for the purpose of considering the claim of a creditor who has once before secured such an order for the consideration of a different claim is an appealable order. That an order based upon a creditor's first application is not appealable was, in effect, determined by this court in *Heavenrich* v. *Nichols' Estate*, 113 Mich. 508.

In *Hart* v. *Shiawassee Circuit Judge*, 56 Mich. 592, it was held that a creditor who had not presented his entire claim to commissioners might, upon discovering the fact after the allowance by the commissioners, have the commission revived for the presentation of the balance of his claim, as a matter of right.

"The right of the creditor who has failed to present his claim in such case, and have it heard before a revived commission or before the judge of probate, any time before the estate is closed, is given by the statute, and the probate court has no discretionary power to deprive him of it."

There is no distinction in principle between an application to revive a commission to hear a part of a claim, which might, if known, have been presented to the original commissioners, and an application for a second revival to hear a part of a claim, or a distinct claim, which might, if known, have been presented to the commissioners upon the first revival of the commission.

We think it is the policy of the statute (3 Comp. Laws, § 9373), as indicated by the decisions cited, to permit a creditor to present to a revived commission any claim not theretofore presented, so long as the estate remains open. Since the order reviving the commission is a matter of right which may be made ex parte and without notice, no valid defense will be cut off by such order.

The orders of the circuit and probate courts are affirmed, with costs.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.