SEILNACHT *v.* WAYNE PROBATE JUDGE.

EXECUTORS AND ADMINISTRATORS—CLAIMS AGAINST ESTATES—REVIVAL OF COMMISSION ON CLAIMS.

Under section 13870, 3 Comp. Laws 1915, creditors are preserved the right to present their claims against estates of decedents "at any time before the estate is closed," but after the estate is once closed, that right is at an end and is not revived by the discovery of additional assets for administration, and the appointment of an administrator *de bonis non.*

Certiorari to Wayne; Webster, J. Submitted April 9, 1918. (Calendar No. 28,295.) Decided June 3, 1918.

Mandamus by Frieda Seilnacht and another to compel Edgar O. Durfee, probate judge of Wayne county, to revive the commission on claims of the estate of Therese Mueller, deceased. From an order granting the writ, defendant brings certiorari. Reversed, and writ dismissed.

*William E. Heinze,* for appellant.

*Bishop & Kilpatrick,* for appellees.

August 2, 1913, a petition for the appointment of an administrator of the estate of Therese Mueller was filed in the probate court for Wayne county. Pursuant to the prayer of such petition Emil W. Snyder was duly appointed, and on September 10, 1913, commissioners on claims in said estate were appointed. They filed their report February 9, 1914. On April 2d, following, the administrator filed his final account and on May 5th, by an order of the probate court, it was allowed, the administrator was discharged, "his bond canceled and said estate closed." Plaintiffs presented no claim before said commissioners. No question of the regularity of these proceedings is raised. On February 24, 1915, a petition for that purpose having theretofore been filed, Mr. Snyder was appointed administrator *de bonis non* for the purpose of administrating further assets of the estate which had lately been discovered. Thereafter plaintiffs filed a petition for the revival of the commission on claims to enable them to present a claim against the estate. Their petition was denied by the probate judge. A writ of mandamus was issued by the Wayne circuit court directing the defendant to revive the commission on claims of said estate. To review this order of the circuit court this writ of certiorari was allowed.

FELLOWS, J. (*after stating the facts*). The learned probate judge denied the petition to revive the com-

mission on claims solely on the ground that he had no discretion in the matter. The correctness of his decision is the only question submitted on this record. The statute in question, section 13870, 3 Comp. Laws 1915, provides:

"On the application of a creditor who has failed to present his claim, if made at any time before the estate is closed, the judge of probate may revive the commission and allow further time not exceeding one month, for such creditor to present his claim to the commissioners. When such claim shall have been presented to the commissioners, they shall personally notify the executor or administrator, and the creditor, or their attorneys, of the time and place of hearing such claim, and as soon as practicable they shall examine and pass upon said claim and make return of their doings to the probate court, within thirty days of the hearing thereof: *Provided.* That all costs and charges resulting from said application, and the proceedings thereon had in the probate court and before such commissioners shall be paid by the party making the application or by the estate, or in part by the applicant and part by the estate, as the probate court, upon application and notice to the administrator or executor, and the party making the application, shall direct."

We are not impressed that the language of this statute is ambiguous. By its terms creditors are preserved the right to present their claims "at any time before the estate is closed." When the estate is once closed that right is at an end. The proceedings are purely statutory. Before the estate is closed the right given by this statute is an absolute right, does not depend upon the discretion of the probate judge, and the commission on claims may be revived *ex parte,* and without notice. *Hart* v. *Shiawassee Circuit Judge,* 56 Mich. 592; *Heavenrich* v. *Nichols' Estate,* 113 Mich. 508; *Bresler* v. *Wayne Probate Judge,* 152 Mich. 167. But by the terms of the statute when the estate is closed the right is at an end and the claims of cred-

itors are barred. *Showers* v. *Robinson,* 43 Mich. 502, 508; *Ogooshevitz* v. *Arnold,* 197 Mich. 203. There is no provision in the statute which revives this right, once barred by the statute, upon the discovery of additional assets for administration and the appointment of an administrator *de bonis non.* In *Showers* v. *Robinson, supra,* this court said:

"All claims against the estate are barred which are not presented and proved before the administrator is discharged."

In *Ogooshevitz* v. *Arnold, supra,* we said:

"There is a way provided in the statute for foreclosing claims against estates of decedents, viz.: Appointment of commissioners, or a hearing of claims by the probate judge, and closing the estate."

The probate judge gave effect to the clear provisions of the statute and the holdings of this court. Title to property administered in probate courts should be stable. The statute has wisely provided ample time for the presentation of claims against estates and has also wisely provided a time at which they shall be barred. That time had been reached in this estate. The learned probate judge correctly held that he was without discretion in the matter.

It follows that the order of the circuit court must be reversed and the petition for mandamus dismissed. Defendant will recover costs of both courts.

OSTRANDER, C. J., and BIRD, MOORE. STEERE, BROOKE, STONE, and KUHN, JJ., concurred.