GILBERT *v.* TAYLOR'S ESTATE.

1. EXECUTORS AND ADMINISTRATORS—JUDGE OF PROBATE MAY POST-PONE HEARING ON CLAIMS.

Under 3 Comp. Laws 1915, § 13877, requiring claims against estates to be exhibited within the time limited by the court, the probate judge is not precluded from post-

[1]Executors and Administrators, 24 C. J. §§ 958 (Anno), § 1053 (Anno).

237—Mich—15.

poning the hearing on claims before him for one week, in view of sections 13869, 13870.

2. APPEAL AND ERROR—ERROR IN PROBATE COURT CORRECTED BY FULL HEARING IN CIRCUIT COURT.

Any error in the probate court in allowing a claim against an estate upon the approval of the administrator rather than upon proofs was corrected by full hearing in the circuit court, and therefore is not before the Supreme Court on error from the circuit.

3. EXECUTORS AND ADMINISTRATORS—PROMISE TO PAY—CONSIDERATION.

The finding of the trial court that a promise in writing to pay plaintiff a certain sum of money in case decedent died first was based on a valuable consideration already existent, *held*, justified by the record.

Error to Montcalm; Hawley (Royal A.), J.    Submitted October 8, 1926.    (Docket No. 65.)    Decided January 3, 1927.

H. M. Gilbert presented a claim against the estate of Frank A. Taylor, deceased, for the amount of a note and for services rendered.    The claim was allowed in the probate court, and defendant appealed to the circuit court.    Judgment for plaintiff.    Defendant brings error.    Affirmed.

*Griswold & Ganton,* for appellant.

*L. C. Palmer* and *D. Hale Brake,* for appellee.

CLARK, J.    On July 6, 1925, the judge of probate made an order allowing creditors of the defendant estate four months from that date to present claims and appointed November 6, 1925, at 10 o'clock in the forenoon, at the probate office in the city of Stanton, for examination and adjustment of claims.    Commissioners were not appointed.    Three claims, including

²Executors and Administrators, 24 C. J. § 1142 (Anno); ³Id., 24 C. J. § 1122.

that of plaintiff, were given to the administrator, and we quote from the opinion of the trial judge:

"On November 6, 1925, being the date of said hearing, no claims had been or were presented against said estate to the said judge of probate, but at least one claim, besides the one involved herein, had been placed in the hands of said administrator prior to said date for presentation to the said judge of probate.    The said administrator was unable to go from Coral, in said county, where he and the several claimants resided, to the said city of Stanton on that date; accordingly he then informed the said judge of probate, both by mail and by telephone, that said two claims and others were in his hands for presentation and hearing and that he was unable to be in Stanton or file said claims with said judge of probate on that date and requested an adjournment or continuance of said hearing to and until November 13, 1925, for the purpose of presentation and hearing of said claims.    The said judge of probate thereupon granted his request and wrote him accordingly and also then and there entered and filed an order in said court and cause in words and figures as follows:

"'STATE OF MICHIGAN—In the Probate Court for the County of Montcalm.

"'At a session of said court, held at the probate office in the city of Stanton, in said county, on the 6th day of November, A. D. 1925.

"'Present:    Hon. W. E. Rasmussen, judge of probate.

"'In the Matter of the Estate  )
of Frank A. Taylor,                   }
Deceased.                              )

"'This day having been appointed for hearing of claims.

"'It is ordered, that said hearing be and is hereby adjourned to the 13th day of November, A. D. 1925, at 10 o'clock in the forenoon.

"'W. E. RASMUSSEN,
"'Judge of Probate.'

"Tenth:    On November 13, 1925, the administrator appeared before said judge of probate and filed the claim herein involved with his O. K. thereon, and also filed two other claims against said estate with said

judge of probate, the said three claims being the only claims that were presented for hearing, or that were heard before said court in the matter. of said estate.

"The claim in question is in words and figures as follows:

'Estate of Frank A. Taylor, Deceased.
  To:  Mrs. H. M. Gilbert,
    Address:  Coral, Mich.

Note or agreement, dated Apr. 6, 1914........$1,000.00
Interest on above note from Apr. 6, 1914 to Nov.
  6, 1925 ................................... 579.16
Services as housekeeper from Apr. 6, 1914 to
  May 4, 1925—576 weeks at $3.00 per week.... 1,728.00
                                                ————
                                              $3,307.16

'For value received I promise to pay Mrs. H. M. Gilbert, one thousand dollars ($1,000.00) conditionally:

'Providing I die previous to her death.

'In witness whereof I hereunto place my hand and seal this sixth (6th) day of April, 1914.

                            'F. A. TAYLOR.

Witnesses:
  J. B. TAYLOR,
  H. M. GILBERT,
  O. K. FREED U. O'BRIEN, Admr.'

(Verification)."

Plaintiff's claim was allowed in part at least. Appeal was taken by an heir at law. In the circuit court the trial was before the court without a jury. Plaintiff's claim was allowed in the sum of $1,997.80. The case is here on writ of error.

1. Appellant contends that the order of the probate court of November 6, 1925, adjourning the hearing on claims to November 13, 1925, was void because of section 13877, 3 Comp. Laws 1915:

"Every person having a claim against a deceased person, proper to be allowed by the commissioners, who shall not, after the publication of notice as required in the second section of this chapter, exhibit his claim to the commissioners within the time limited by the

court for that purpose, shall be forever barred from recovering such demand, or from setting off the same in any action whatever."

We may not overlook section 13870, 3 Comp. Laws 1915:

"On the application of a creditor who has failed to present his claim, if made at any time before the estate is closed, the judge of probate may revive the commission and allow further time not exceeding one month, for such creditor to present his claim to the commissioners. When such claim shall have been presented to the commissioners, they shall personally notify the executor or administrator, and the creditor, or their attorneys, of the time and place of hearing such claim, and as soon as practicable they shall examine and pass upon said claim and make return of their doings to the probate court, within thirty days of the hearing thereof: *Provided,* That all costs and charges resulting from said application, and the proceedings thereon had in the probate court and before such commissioners shall be paid by the party making the application or by the estate, or in part by the applicant and part by the estate, as the probate court, upon application and notice to the administrator or executor, and the party making the application, shall direct."

Of this section it was held in *Seilnacht* v. *Wayne Probate Judge,* 201 Mich. 536:

"By its term creditors are preserved the right to present their claims 'at any time before the estate is closed.' When the estate is once closed that right is at an end. The proceedings are purely statutory. Before the estate is closed the right given by this statute is an absolute right, does not depend upon the discretion of the probate judge, and the commission on claims may be revived *ex parte,* and without notice. *Hart* v. *Shiawassee Circuit Judge,* 56 Mich. 592; *Heavenrich* v. *Nichols' Estate,* 113 Mich. 508; *Bresler* v. *Wayne Probate Judge,* 152 Mich. 167. But by the terms of the statute when the estate is closed the right is at an end and the claims of creditors are barred.

*Showers* v. *Robinson,* 43 Mich. 502, 508; *Ogooshevitz* v. *Arnold,* 197 Mich. 203."

And section 13869, 3 Comp. Laws 1915:

"The probate court may extend the time allowed to creditors to present their claims, as the circumstances of the case may require; but not so that the whole time shall exceed two years from the time of appointing such commissioners."

And it was held in *Re Thayers' Estate,* 210 Mich. 696:

"If any application, notice or knowledge of an exceptional claim comes to the probate court it has a limited discretion to longer keep the estate open to entertain the same."

The commissioners on claims are required to make report "at the expiration of the time limited," except that they may take further time necessary to "complete the hearing" and of course to make their report. Act No. 166, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 13874).

But this does not apply to a hearing on claims by the judge of probate. The probate court had authority to grant the adjournment and to make the order in question. Proper notice of the hearing of November 6, 1925, had been given, so all persons are chargeable with notice of the adjournment then and there made.

2. That no proofs were made in the probate court of plaintiff's claim, but that it was allowed upon the approval of the administrator. If that be conceded and if it be further conceded to be erroneous, the error was corrected by full hearing in the circuit court and therefore is not here.

3. That the court erred in finding that the writing given by deceased to plaintiff on April 6, 1914, above quoted,

"not only purports on its face to be based on a valuable consideration already existent, but was in fact based on such consideration, being for services performed by the claimant anterior to the date thereof."

The facts, in part, relative to the instrument were found properly by the trial judge:

"The decedent for a period of 25 years and upwards prior to his death was a widower and the owner of some property, a considerable portion of which for the larger part of said time consisted of farm lands, live stock and other farm personalty.

"In or about the year 1899, at the instance of said decedent, the claimant and her husband moved to his farm home and from that time until the death of said decedent, she lived in his home and performed the duties of housewife, also at least to an extent she attended to garden work and to marketing certain of the farm products, particularly butter and eggs.

"Her husband died in the year 1901. Decedent died intestate on May 4, 1925, leaving a considerable estate, but no direct and only collateral heirs thereto. Neither herself nor her husband were related by blood to decedent."

We do not disturb the finding. We have considered all questions presented, and find no reversible error.

Judgment affirmed.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and MCDONALD, JJ., concurred.