*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TIMOTHY LASHBROOK,

      Plaintiff-Appellant,

v

ILA GRASAK and ALISSA GRASAK,

      Defendants-Appellees.

FOR PUBLICATION
January 16, 2025
1:55 PM

No. 369669
St. Clair Circuit Court
LC No. 23-002088-NI

Before: RIORDAN, P.J., and O'BRIEN and GARRETT, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order dismissing plaintiff's complaint against defendants. Because plaintiff has not identified any errors, we affirm.

## I. BACKGROUND

This case arises out a tragic automobile collision that resulted in serious injuries to plaintiff and the deaths of defendants.

On October 16, 2023, plaintiff filed the complaint giving rise to this action. The complaint alleged that on November 18, 2020, plaintiff suffered significant injuries as a result of a serious automobile collision involving defendants. Alissa Grasak was, according to the complaint, operating an automobile owned by Ila Grasak in a negligent manner, which caused the collision.

On December 1, 2023, plaintiff filed a "Petition for Extension of Summons," in which plaintiff represented that, after attempting to serve defendants, plaintiff learned that defendants had died, a fact "[t]hat Plaintiff was unaware of" when he filed suit. Plaintiff asked for a 90-day extension of the summons to allow plaintiff to "set up" estates for the deceased defendants "and/or effectuate[] service on" the insurer of Ila's automobile involved the collision, Auto-Owners Insurance. The trial court entered two orders granting plaintiff's requests.

-1-

On January 3, 2024, "defendants"[1] filed a limited appearance for purposes of asking the trial court to quash service of plaintiff's complaint. Defendants contended that, because the police report of the collision stated that the named defendants in this action died at the scene, plaintiff knew or should have known this information when he filed his complaint, so he should have opened estates for defendants and brought suit against those estates instead of trying to bring this action against the deceased defendants. Defendants emphasized that the deceased defendants were not the proper party, and that plaintiff could only bring suit against defendants' estates. Attached to this motion was a copy of the police report of the November 18, 2020 collision. The report stated that both Alissa and Ila "were pronnounced [sic] deceased at the scene."

In response, plaintiff argued that he lacked actual and constructive knowledge that the named defendants were deceased, and that he acted promptly to remedy the deficiencies in his filing upon learning this information. According to plaintiff, he only learned that defendants were deceased when he tried to serve them, at which time he filed and was granted orders extending summons and allowing substitute service. Plaintiff contended that the extension of summons was necessary out of fairness to allow plaintiff time to open the estates for defendants, and that the substitute service "was reasonably calculated to give Defendants (or, in reality, their estates) actual notice of the proceedings and an opportunity to be heard." Plaintiff additionally argued that he complied with MCR 2.202(A), which permits substitution when a party dies, because he filed a motion to extend the summons and for substitute service immediately upon learning of defendants' deaths, which both informed the trial court of defendants' deaths and allowed plaintiff time to establish estates for defendants. Plaintiff contended that the trial court could order substitution of the proper parties under MCR 2.202(A) after plaintiff created estates for the deceased defendants because "the proper parties are, ultimately, the plaintiff and the estate of Defendant Ila Grasak."

At the hearing on defendants' motion, the trial court asked to hear from plaintiff on defendants' argument that he had actual knowledge that the named defendants were deceased when he filed his complaint because he must have had the police report. Plaintiff's counsel told the court that he truly believed that defendants were alive when he filed the complaint, and only found out that the named defendants were deceased when service was attempted. The trial court asked plaintiff's counsel if he had the police report and whether he read it, and plaintiff's counsel answered both questions in the affirmative. The court observed that "[t]he report clearly states that [defendants] were pronounced dead at the scene," then asked plaintiff's counsel if he was "[s]ure" he read the report, and counsel again affirmed that he did. Thereafter, the trial court issued its ruling from the bench. The court began by stating its belief that plaintiff's counsel was aware of the fact that the named defendants were deceased at the very least by the time he filed a motion for alternate service. The court reasoned that, based on this knowledge, plaintiff's counsel should have known that the only way service could "be proper was on the estate." It added that, because there was no estate, there was no way that alternate service could be proper, as it could not "reasonably effectuate actual service on the proper defendant." The court concluded that "because

---

[1] This motion was filed by attorneys "hired through Auto-Owners." It is not apparent the grounds on which attorneys for Auto-Owners were able to represent deceased parties, but no one has challenged this oddity. For simplicity, this opinion uses "defendants" when discussing arguments made by Auto-Owners attorneys on behalf of the deceased defendants.

the Motion for Alternate Service was improper on its face, the Court never should have granted it. The statute of limitations is expired. The case is dismissed."

This appeal followed.

## II. STANDARD OF REVIEW

The interpretation and application of court rules is reviewed de novo. *McGregor v Jones*, 346 Mich App 97, 100; 11 NW3d 597 (2023). When action under a court rule is left in the trial court's discretion, the court's decision is reviewed for an abuse of discretion. See *Huber v Frankenmuth Mut Ins Co*, 160 Mich App 568, 576; 408 NW2d 505 (1987). See also *People v Odom*, 327 Mich App 297, 303; 933 NW2d 719 (2019) (stating that "discretionary decisions . . . are reviewed for an abuse of discretion").

## III. ANALYSIS

On appeal, plaintiff argues that, by dismissing the case instead of allowing plaintiff to substitute the deceased defendants' estates, the trial court failed to properly apply MCR 2.202(A). He additionally contends that the trial court shortened the statute of limitations "by implication" when it dismissed this action without giving plaintiff time to create estates for the deceased defendants. We disagree with both arguments.

"A civil action is commenced by filing a complaint with a court." MCR 2.101(B). MCR 2.201(C) is labeled "Capacity to Sue or be Sued," and Subsection (C)(1) states, "A natural person may sue or be sued in his or her own name." MCR 2.201(C)(1). This Court in unpublished opinions has repeatedly interpreted the use of "natural person" in MCR 2.201(C)(1) to mean that "a deceased person cannot be sued as a matter of law." *Potter v Devine*, unpublished per curiam opinion of the Court of Appeals, issued June 20, 2013 (Docket No. 308878), p 4; *Packard v Thomas*, unpublished per curiam opinion of the Court of Appeals, issued August 22, 2019 (Docket No. 344720), p 5. We conclude that the reasoning in *Potter* and *Packard* is sound and adopt it as our own to conclude that a deceased person like the named defendants here cannot be sued as a matter of law. See *Paris Meadows, LLC v Kentwood*, 287 Mich App 136 n 3; 783 NW2d 133 (2010) (explaining that unpublished opinions are not binding but may be persuasive or instructive). A party wishing to bring a cause of action against someone who is deceased must sue the deceased's persons estate, not the deceased person. See *Williams v Grossman*, 409 Mich 67, 81; 293 NW2d 315 (1980) (explaining that an action against a deceased person is properly brought by naming the personal representative of the deceased person's estate as the defendant). The trial court did not err by dismissing this action filed against the wrong parties, who could not be sued as a matter of law.

Plaintiff argues that the trial court erred by dismissing this action instead of allowing plaintiff to substitute the deceased defendants for their yet-to-be-created estates under MCR 2.202(A). That rule provides:

> (A) Death.
>
> (1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties.

(a) A motion for substitution may be made by a party, or by the successor or representative of the deceased party.

(b) Unless a motion for substitution is made within 91 days after filing and service of a statement of the fact of the death, the action must be dismissed as to the deceased party, unless the party seeking substitution shows that there would be no prejudice to any other party from allowing later substitution.

(c) Service of the statement or motion must be made on the parties as provided in MCR 2.107, and on persons not parties as provided in MCR 2.105.

(2) If one or more of the plaintiffs or one or more of the defendants in an action dies, and the right sought to be enforced survives only to the surviving plaintiffs or only against the surviving defendants, the action does not abate. A party or attorney who learns that a party has died must promptly file a notice of the death.

The plain language of MCR 2.202(A)(1) gives a trial court discretion to order the substitution of a party if that "party dies." Given the rule's use of the present-tense verb, we conclude that MCR 2.202(A)(1) only applies when a party to litigation "dies" during the course of the litigation. This did not happen here; the named defendants in this case were already deceased when plaintiff filed his complaint. We therefore conclude that MCR 2.202(A) does not apply to the facts of this case.[2]

Even if the rule does apply, though, the "proper parties" to replace the deceased defendants were their estates. See *Williams*, 409 Mich at 81. MCL 700.3104(1) provides in relevant part that "a proceeding to enforce a claim against a decedent's estate . . . shall not be . . . commenced before the appointment of a personal representative." No personal representative had been appointed for the named defendants' estates when the trial court dismissed plaintiff's complaint, so substituting in the proper parties at the time of dismissal was a legal impossibility. MCR 2.202(A)(1) is discretionary—"the court may order substitution." See *In re SB*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 367014), slip op at 21 ("The use of the word 'may' in the court rule indicates permissive, discretionary activity.) (Quotation marks and citation omitted.) The trial court did not abuse its discretion by refusing to order the substitution of defendants under MCR 2.202(A)(1) when there were no "proper parties" who could be substituted for the deceased defendants.

Plaintiff insists that the dismissal of his action was premature because the trial court was not required to dismiss the action under MCR 2.202(A)(1)(b). That subrule requires a trial court to dismiss an action "as to the deceased party" if a motion for substitution is not timely filed. MCR

---

[2] This is not to suggest that, when a plaintiff files suit against a deceased defendant, a trial court is forbidden from substituting the deceased defendant for the deceased-defendant's estate under this rule or another rule. Rather, this conclusion merely recognizes that our court rules are not intended to address when a party sues a deceased defendant. This is because, as explained by *Potter* and *Packard*, "a deceased person cannot be sued as a matter of law." *Potter*, unpub op at 4; *Packard*, unpub op at 5.

2.202(A)(1)(b). That the trial court was not *required* to dismiss this action does not establish that the trial court erred by doing so, however.

Plaintiff alternatively argues that the trial court's ruling was unfair because it shortened the statute of limitations "by implication." Plaintiff has not cited any legal authority supporting—or even explaining—his argument that a trial court errs by shortening a statute of limitations "by implication." We accordingly conclude that this argument is abandoned. See *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999) ("And, where a party fails to cite any supporting legal authority for its position, the issue is deemed abandoned."); *Mitcham v City of Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959) ("It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position.").

Even addressing plaintiff's argument, he contends that requiring him to set up the estates shortened the statute of limitations "by implication" because it required him to take extra steps before he could bring his cause of action. Based on the hypotheticals provided by plaintiff in his brief, it seems like plaintiff believes that a plaintiff who does not know that a defendant is deceased and files suit against the deceased defendant at the end of the limitations period cannot possibly bring a timely action against the proper defendant (i.e., the deceased defendant's estate) if there is no estate already opened because, by the time the plaintiff opens the estate, the statute of limitations will inevitably have expired. This argument seems to overlook MCL 700.3802(2), which remedies the unfairness underlying plaintiff's argument. In situations like the one here, MCL 700.3802(2) suspends a statute of limitations for four months.[3] So, if a plaintiff files suit against a deceased defendant towards the end of the standard limitations period only to learn that the defendant passed away, the plaintiff still has four months after when the standard limitations period would have expired to create the estate and bring the cause of action against the proper party.[4]

Affirmed.

/s/ Michael J. Riordan
/s/ Colleen A. O'Brien
/s/ Kristina Robinson Garrett

---

[3] MCL 700.3802(2) provides, "The running of a statute of limitations measured from an event other than death or publication for a claim against a decedent is suspended during the 4 months following the decedent's death but resumes after that time as to a claim not barred under this part."

[4] Plaintiff makes no argument related to MCL 700.3802(2) or whether the trial court erred when it said that "[t]he statute of limitations is expired" in light of this statute. By failing to address the argument, plaintiff abandoned it. See *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 406; 651 NW2d 756 (2002) (holding that a party abandons an argument when it "makes no attempt to specifically address" the argument).